IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Larone Williams (20220724080), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 C 15025 |
| | ) | |
| v. | ) | |
| | ) | Hon. Robert W. Gettleman |
| Chicago, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

    Plaintiff's application to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at plaintiff's place of confinement to immediately deduct $6.30 from his account for payment to the Clerk of this court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. Plaintiff's complaint [1] may proceed with its claim of false arrest against defendant Chicago Police Officer Gregory Doherty. All other defendants and claims are dismissed without prejudice. The Clerk is directed to: (1) file the complaint; (2) dismiss defendants Johnathan David, Edgar Zaragoza Rodriguez, David Madja, Gregory Sweeney, and Chicago; (3) issue summons for service of the complaint on defendant Doherty; and (4) send plaintiff a blank USM-285 (Marshal service) form, filing instructions, and a copy of this order. Plaintiff must complete and return the USM-285 form to serve Doherty, and his failure to do so may result in dismissal of this defendant and this case. The U.S. Marshal is appointed to serve Doherty. Lastly, plaintiff must notify the court if his address changes while this case is open, and his failure to update his address may also result dismissal of this case.

### STATEMENT

    Cook County Jail detainee Larone Williams brings this *pro se* 42 U.S.C. § 1983 civil rights action against the City of Chicago and five of its police officers. He alleges the officers conspired to falsely arrest and charge him with a crime, which resulted in him being wrongfully confined at the Cook County Jail for 30 days. (Dkt. 1.) Before this court is plaintiff's complaint for initial review and his motion to proceed *in forma pauperis* (IFP) for this case's $402 filing fee.

    Plaintiff's IFP application demonstrates he cannot prepay the filing fee and is granted. Pursuant to 28 U.S.C. § 1915(b)(1)-(2), the court orders plaintiff to immediately pay (and the facility having custody of him to automatically remit to the Clerk of this court) $6.30 as the initial partial payment of the filing fee. Thereafter, plaintiff shall pay (and the facility having custody of him shall send to the Clerk) twenty percent of funds he receives for each calendar month during which $10.00 or more is received, until the $402 filing fee is paid. If plaintiff is transferred to another facility, the trust fund officer at the transferor facility shall ensure that a copy of this order is mailed to the transferee facility until the filing fee is fully paid. Payments shall be sent to the

Clerk of Court, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the number of this case.

Under 28 U.S.C. § 1915A, this court must screen a prisoner's complaint and dismiss it, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoner complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A complaint must contain sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face," meaning the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (addressing Fed. R. Civ. P. 8(a)(2)'s pleading requirements); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). When screening a complaint from a *pro se* litigant, courts must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff's complaint alleges the following. At around 11 p.m. on December 23, 2021, he was waiting for the CTA Red Line train at its Jackson Avenue station. (Dkt. 1, pg. 6.) A group of Chicago police officers, including four of the defendant officers listed in this case, approached a woman on the platform, "picked her up, … slammed her to the ground[, and] … handcuffed her." *Id.* Plaintiff began asking what was wrong, to which Officer Doherty "said to the group of officers: 'All of them … Get him too' … pointing at [plaintiff] and other[s] on the platform." *Id.* at 7. Plaintiff believes Doherty "singled [him] out" because of Doherty's "familiarity with [plaintiff] as a CTA passenger." *Id.* Based "on the instructions of Officer Doherty," Officers David, Madja, and Zaragoza Rodriguez handcuffed, searched, and arrested plaintiff, and then brought him to a police station. *Id.* at 7-8. During these events, Officer David allegedly stated that "he didn't know why he was arresting [plaintiff]." *Id.* at 7. At the police station, Officer Sweeney attempted to interview plaintiff. *Id.* "Despite … the fact that the officers knew [plaintiff] had nothing to do with this crime, [he] was charged with two felonies." *Id.* He was confined at Cook County Jail for 30 days before the charges were dismissed. *Id.* According to plaintiff, none of the officers had probable cause to arrest, search, and detain him, and they "acted together and formed an agreement to violate [his] civil rights." *Id.* at 8.

These allegations state a false arrest claim against Officer Doherty, but not the other defendants. To state such a claim, a complaint must allege facts that "allow the Court to draw the reasonable inference that [the plaintiff']s arrest was not supported by probable cause, and that the defendants knew they lacked probable cause." *Siguenza v. City of Chicago*, No. 23 C 00033, 2023 WL 6198820, at *3 (N.D. Ill. Sept. 22, 2023) (citing *McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009)). Simply alleging that officers had no probable cause to make an arrest, without more, is usually considered too vague and conclusory to state a false arrest claim. *Siguenza*, 2023 WL 6198820, at *3 (citing *Roldan v. Town of Cicero*, No. 1:17-cv-03707, 2018 WL 1469011, at *5 (N.D. Ill. Mar. 26, 2018); *see also Daniels v. Southfort*, 6 F.3d 482, 484-85 (7th Cir. 1993)).

While allegations that officers "well knew that probable cause did not exist," but nonetheless arrested someone with "the intent and effect of ... depriving him of constitutionally protected rights … adequate[ly ] describe a" § 1983 false arrest claim, *Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1021 (N.D. Ill. 2003), plaintiff's complaint does not assert this for all the defendants. Instead, he alleges that Officer Doherty directed officers to arrest everyone on the platform of the Red Line Jackson Ave station, and that Doherty singled plaintiff out because of Doherty's familiarity with plaintiff. (Dkt. 1, pg. 7-8.) "An officer may reasonably rely on information provided by other officers." *Duran v. Sirgedas*, 240 Fed. Appx. 104, 114–15 (7th Cir. 2007), vacated in part on reh'g (July 17, 2007) (citing *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)). "Under those circumstances, an 'arrest is proper so long as the knowledge of the officer directing the arrest, or the collective knowledge of the agency he works for, is sufficient to constitute probable cause.'" *Duran*, 240 Fed. Appx. at 115 (quoting *United States v. Parra*, 402 F.3d 752, 764 (7th Cir. 2005) (citation omitted)).

A liberal reading of plaintiff's complaint may reasonably infer that Officer Doherty allegedly directed plaintiff's arrest with no knowledge of facts supporting probable cause, but the allegations against the three officers who made the arrest simply indicate that "they arrested [plaintiff] on the instruction of Officer Doherty." (Dkt. 1, pg. 8.) Such allegations do not suffice to state a false-arrest claim against Officers David, Madja, and Zaragoza Rodriguez. *See Duran*, 240 Fed. Appx. at 115; *Parra*, 402 F.3d at 764.

As to Officer Sweeney, the complaint indicates that this officer was not involved in plaintiff's arrest, but rather, "attempted to interview [plaintiff]" at the police station. (Dkt. 1, pg. 7.) Although plaintiff alleges that he was charged with three felonies "despite … the fact that the officers knew [he] had nothing to do with this crime," *id.*, such an allegation does not state a malicious-prosecution claim. *See Martinez v. City of Chicago*, 900 F.3d 838, 849 (7th Cir. 2018) ("'To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury.'") (citation omitted). Plaintiff alleges some of these elements. But his complaint is devoid of any assertions as to what Sweeney or the other officers did to ensure that plaintiff was charged by the Cook County State's Attorney's Office. (Dkt. 1, pg. 6-8.) Officer Sweeney and the claims against him, as well as all of plaintiff's malicious-prosecution claims are thus dismissed.

As to the City of Chicago, plaintiff names Chicago as a defendant but makes no assertions of facts supporting a claim against this party. Chicago is thus dismissed as a defendant.

Accordingly, plaintiff's complaint may proceed with its claim of false arrest against Officer Doherty. All other claims and defendants are dismissed without prejudice. If plaintiff believes the facts of his case support false arrest claims against the other defendants or a claim of malicious prosecution, he may submit an amended complaint better stating those facts. Plaintiff is advised that an amended complaint, if accepted, replaces prior complaints. An amended complaint therefore must stand complete on its own, meaning it must list all defendants plaintiff seeks to sue

3

in this case and assert all his claims, along with supporting facts, plaintiff seeks to bring against those defendants.

The U.S. Marshals Service is appointed to serve defendant Chicago Police Officer Gregory Doherty. The Marshal shall make all reasonable efforts to serve this defendant. With respect to any former employee who can no longer be found at the work address provided by plaintiff, officials in the office of the former employer must furnish the Marshal with the defendant's last-known address. Such information will be used only to effect service or to show proof of service, and will be kept only by the Marshal. Such information will not be maintained in the court's files, nor disclosed by the Marshal, except as necessary to effect service. The Marshal is authorized to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of this court in care of the Prisoner Correspondent. Every filing by plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any filing sent directly to a judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff. Plaintiff is further advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. His failure to do so may result in dismissal of this case.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: November 30, 2023**